Before State Industrial Board, Respondent.

Mrs. Anna Przybyla and Another, Respondents, v. St. Mary's. Church of New York Mills, N. Y., and Another, Appellants.

Third Department, November 13, 1924.

Workmen's compensation — relationship — claimant, sexton of church, was engaged to care for premises and buildings generally — claimant sold his house to church but had not given deed or made written contract — church assumed ownership — accident happened while sexton was engaged in repairing house — sexton was employee at time of accident — coverage — policy covered class of work in which claimant was engaged — sexton did not lose coverage by doing incidental work of class excluded from policy.

The claimant, the sexton of the defendant church, whose duties were to care for the premises and buildings generally, was an employee of the defendant at the time of the injury forming the basis of this claim although he was engaged in repairing a house in which he lived, since it appears that the defendant had purchased the house prior to the accident although it had not taken a deed nor made any contract in writing; and that the defendant had assumed ownership of the house and was having it altered and repaired at the time of the accident.

It is not material that the church had neither a deed nor a written contract for the premises since it assumed to be the owner, caused alterations to be made, employed workmen to make them and paid their wages.

The claimant was within a provision in the policy of insurance to the effect that the policy covered injuries sustained by any person whose entire remuneration was included in the total actual remuneration for which provision was made in the policy.

The claimant was covered by the policy since it appears that the work in which he was generally engaged was within the classification covered by the policy, and the mere fact that at the time of the accident he was engaged in incidental work not covered by the policy does not exclude him from its benefits.

APPEAL by the defendants, St. Mary's Church of New York Mills, N. Y., and another, from an award of the State Industrial Board, made on the 14th day of January, 1924.

*Frank J. O'Neill* [*Barnett Cohen* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

H. T. KELLOGG, J.:

The employee, for whose death this claim was filed, was for many years the sexton of St. Mary's Church of New York Mills, N. Y. The church premises consisted of fifteen acres of land upon which there stood a church, a schoolhouse, a convent, a rectory, a garage and a barn. The employee, Przybyla, had general care of the premises and buildings. He also made incidental repairs in the course of which he would perform the work of a carpenter, mason or plumber. He lived in a house upon adjoining premises of which he owned the title. The church had purchased the premises but had not taken a deed. It desired to make additions to the house so that the church organist might live therein. It employed an architect to plan, and carpenters and plumbers to make the alterations. In order to raise money to do the work it procured Przybyla to mortgage the property and used the moneys raised. This method was apparently adopted in order to avoid the legal difficulties which would have arisen had the church taken title and itself made an effort to mortgage. It was not the duty of Przybyla personally to make the alterations, but he supervised them and occasionally assisted in the work. While Przybyla was engaged in removing a scaffolding from the house he fell and received injuries from which he died. It was for his death from such injuries that this claim was filed. There can be no doubt that the church was the employer of Przybyla at the moment of his injury. It matters not that the church had neither deed nor contract in writing for the premises. It assumed to be the owner, caused alterations to be made, employed workmen to

make them, and paid their wages from moneys raised by a mortgage caused to be placed upon the premises. Przybyla, in so far as he worked upon the premises, was subject to the directions of the church, and compensation which he received for the work was comprehended by the salary which he received as sexton. Whether the policy of the appellant insurance carrier covered Przybyla while so employed is a more difficult question.

The appellant's policy of insurance contained the following: " This agreement shall apply to such injuries sustained by any person or persons employed by this Employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made." That the entire remuneration of the employee Przybyla was so included is shown by the policy The policy further provided: " This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations, which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places." The declarations referred to, under the heading " Classification of Operations," contained the following: " Churches:— Rector and assistants, organist, and members of Choir. All employees engaged in care, custody and maintenance of premises the operation of elevators, heating, lighting and power apparatus excluding extraordinary additions, alterations or repairs and the operation and maintenance of amusement devices." It will be observed that while the printed heading announces a classification of " operations," the typewritten matter which follows actually classifies " employees." Thus it is " all employees engaged in care, custody and maintenance of premises " who are insured. Likewise it is the employees who are " engaged in * * * extraordinary additions, alterations or repairs " who are excluded from coverage rather than the " operations " named. The policy insured generally one class of " employees " and excluded generally another class of " employees." It did not purport to cover a particular employee at one time and to exclude him at another. This employee, Przybyla, whose general employment was in the " care, custody and maintenance of premises," was generally covered. He did not lose his coverage by the incidental work done by him in assisting at the making of the alterations. He was upon the premises of his employer. He was exerting " care " in relation thereto. He was performing " operations necessary, incident or appurtenant " to his general duties as a caretaker and sexton who had in charge

the " care, custody and maintenance " of premises of his employer, the church. Therefore, he was covered.

The award should be affirmed, with costs to the Industrial Board.

Award unanimously affirmed, with costs in favor of the State Industrial Board.